IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:13-cv-31-FDW

| | |
|---|---|
| JUSTIN LEE DILLARD, | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) **ORDER** |
| MICKEY ANDERSON, Sheriff of Graham County, CHUCK STEWART, Jail Administrator of Graham County, | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint, filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1).

**I.     BACKGROUND**

Pro se Plaintiff Justin Lee Dillard is a state court inmate currently incarcerated at the Clay County Jail in Hayesville, North Carolina. On August 21, 2013, Plaintiff filed the instant Complaint pursuant to 42 U.S.C. § 1983, alleging that on January 18, 2013, while housed at the Graham County Jail in Robbinsville, North Carolina, and during a prison transport by Graham County transport officers, Plaintiff "was stuck in the back by a dirty syringe that had been negligently left in the vehicle. The end of the syringe broke off in [my] back and had to be removed by emergency personnel . . . ." (Doc. No. 1 at 3). Plaintiff has named as Defendants Graham County Sheriff Mickey Anderson and Graham County Jail Administrator Chuck Stewart.

In bringing his claim, Plaintiff used the standard form for prisoners filing a Section 1983 civil rights complaint in this Court. Section III of the standard form requires information from

1

the prisoner regarding exhaustion of administrative remedies. In Section III, Plaintiff states that he filed a grievance on July 15, 2013, with the "County Attorney," and that he did not appeal because he did not receive a response to his grievance. (Id. at 5). In his Prisoner Administrative Remedy Statement filed on August 29, 2013, Plaintiff states that the action arose while he was housed at the Graham County Jail, he is currently housed at the Clay County Jail, and that Plaintiff therefore did not believe that administrative remedies were available to him. (Doc. No. 5).

## II. STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his administrative remedies before filing a section 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. The Court ruled that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court stressed that under the PLRA, exhaustion must take place before the commencement of the civil action in order to further the efficient administration of justice. Id.

In Woodford v. Ngo, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" Id. at 90 (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). In Jones v. Bock, 549 U.S. 199

2

(2007), the Supreme Court stated: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Id. at 211 (citing Porter, 534 U.S. at 524).

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Correctional Health Servs., 407 F.3d 674 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. "The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies." Green v. Rubenstein, 644 F. Supp. 2d 723, 742 (S.D. W. Va. 2009). The Fourth Circuit stated in Anderson, 407 F.3d at 683, as follows:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

### III. DISCUSSION

Here, by Plaintiff's own assertions, he failed to exhaust his administrative remedies with regard to his claim before bringing this lawsuit. Therefore, Plaintiff's claim must be dismissed for failure to exhaust administrative remedies.[1]

### IV. CONCLUSION

For the reasons stated herein, this action is dismissed for failure to exhaust administrative remedies.

---

[1] The Court further notes that Plaintiff alleges, at most, negligence by Defendants. Claims for mere negligence are simply not actionable under Section 1983. Estelle v. Gamble, 429 U.S. 97, 106 (1976).

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's action is **DISMISSED** for failure to exhaust administrative remedies.[2] The Clerk of Court is directed to close this case.

Signed: September 6, 2013

Frank D. Whitney
Chief United States District Judge

---

[2] A dismissal for failure to exhaust administrative remedies is without prejudice. Plaintiff is no longer housed at the Graham County Jail. Therefore, Plaintiff has no practical means to exhaust his administrative remedies with regard to his claims; thus, the dismissal is for all intents and purposes with prejudice. Nevertheless, a "[p]laintiff's failure to exhaust his remedies is not . . . excused by his transfer to a different facility." Jackson v. Studel, No. 3:10CV177-MU-02, 2010 WL 1689095, at *2 (W.D.N.C. Apr. 26, 2010).